**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ERNEST MATTISON,**

                           **Plaintiff,**

    vs.                                                  9:10-cv-00504
                                                              (MAD/DEP)

**JOSEPH DECKER,** Correctional
Officer/Corporal, Ulster County Jail;
**TYRONE BRODHEAD,** Correctional
Officer, Ulster County Jail; **JOHN LEGG,**
Correctional Officer, Ulster County Jail;
**E. P. CUNNINGHAM,** Correctional Officer,
Ulster County Jail,

                                **Defendants.**
_____

**APPEARANCES:**                                   **OF COUNSEL:**

**ERNEST MATTISON**
**09-A-3287**
Green Haven Correctional Facility
P.O. Box 4000
Stormville, New York 12582
Plaintiff *pro se*

**COOK, NETTER LAW FIRM**           **ERIC M. KURTZ, ESQ.**
P.O. Box 3939                             **ROBERT D. COOK, ESQ.**
85 Main Street
Kingston, New York 12402
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

     In a complaint dated April 7, 2010, Plaintiff *pro se* commenced this civil rights action pursuant to 42 U.S.C. § 1983. *See* Dkt. No. 1. In his complaint, Plaintiff alleges that, while he was incarcerated at the Ulster County Jail, Defendants assaulted him. *See id.* Specifically, Plaintiff claims that, on July 27, 2008, while Defendants attempted to transfer Plaintiff to a different cell to serve a thirty-day sentence of keeplock confinement, they rushed into his cell,

punched him in the face, head and body, and applied mace. *See id.* at § 6. Plaintiff further contends that he was grabbed and placed in a choke hold by Defendant Decker and thrown to the concrete floor where Defendant Cunningham "began to kick & stomp on [his] back and neck repeatedly." *See id.* Plaintiff claims that once he was subdued, he was handcuffed by Defendant Legg, and that the handcuffs were applied in such a fashion as to cause his hands to swell and turn blue and purple, and that Defendant Legg refused to loosen the cuffs despite his complaints. *See id.*

At this point, Plaintiff alleges that Defendant Legg dragged him by the handcuffs while the other Defendants continued to beat him, and that he was pushed into the shower where he was scalded with hot water, and more mace was applied to his face and eyes. *See id.* Plaintiff claims that, as a result of the incident, he was left in a great deal of pain, was unable to move, and that he was ultimately required to seek medical attention for injuries to his hands, wrists, neck and back, suffering permanent nerve damage in both his left and right hands. *See id.*

In a January 11, 2012 Report and Recommendation, Magistrate Judge Peebles recommended that the Court deny Defendants' motion for summary judgment. *See* Dkt. No. 45. Specifically, Magistrate Judge Peebles found that questions of fact preclude granting Defendants' motion for summary judgment.[1] *See id.* at 15. Magistrate Judge Peebles found that, "[f]rom the conflicting accounts given by the parties this case would appear to squarely present an issue of

---

[1] The Court notes that it is unclear from the record whether Plaintiff was a sentenced prisoner or instead a pretrial detainee while he was confined at Ulster County Jail. In the event that he was a pretrial detainee, his claims will be governed by the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment, which applies to claims brought by inmates serving prison sentences. *See Benjamin v. Fraser*, 343 F.3d 35, 49-50 (2d Cir. 2000). Since the same standard applies to excessive force claims brought under both the Eighth and Fourteenth Amendments, resolution of this question is not outcome determinative. *See Caiozzo v. Koreman*, 581 F.3d 63, 71 (2d Cir. 2009).

2

credibility not appropriately resolved on motion for summary judgment." *See id.* at 17. Further, Magistrate Judge Peebles recommended that the Court find that the limited exception set forth in *Jeffrey v. City of New York*, does not apply in the present matter because (1) Defendants are unable to cite to any contradictory or incomplete accounts of the relevant events given by Plaintiff; and (2) "while plaintiff's claim principally relies upon his account of the relevant events, there is at least modest corroborative support for his version[.]" *See id.* at 17-19. Finally, Magistrate Judge Peebles recommended that the Court find that Defendants are not entitled to qualified immunity because "the right of prison inmate[s] to be free from the use of excessive force was clearly established as of July 2008[,]" and "Defendant would be hard pressed to show that prison officials in defendants' position could have reasonably believed that the use of excessive force, as alleged in plaintiff's complaint, would not run afoul of the Eighth Amendment's prohibitions." *See id.* at 23. No objections were filed contesting Magistrate Judge Peeble's Report and Recommendation.

     When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)).  A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Having reviewed Magistrate Judge Peebles' January 11, 2012 Report and Recommendation and the applicable law, the Court finds that Magistrate Judge Peebles correctly recommended that the Court should deny Defendants' motion for summary judgment.  As Magistrate Judge Peebles correctly found, Plaintiff's allegations are sharply contested by Defendants, and that, if true, they would plainly support a finding that his Eighth Amendment rights were violated.  These conflicting facts clearly present credibility issues not appropriately resolved on a motion for summary judgment.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Peebles' January 11, 2012 Report and Recommendation is **ACCEPTED** in its entirety for the reasons stated therein; and the Court further

4

**ORDERS** that Defendants' motion for summary judgment is **DENIED** in its entirety for the reasons set forth in Magistrate Judge Peebles' Report and Recommendation; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 7, 2012
         Albany, New York

Mae A. D'Agostino
U.S. District Judge